INGRAM, Justice.
Bobby Charles Walker pleaded guilty to two counts of possession of a controlled substance and one count of unlawful distribution of a controlled substance, pursuant to a plea agreement that Walker had entered into with the State. After sentencing, Walker appealed to the Court of Criminal Appeals, arguing that the sentence reflected in his conviction report was not the sentence that he had agreed to in the plea agreement. The Court of Criminal Appeals affirmed without issuing a written opinion, and we granted Walker’s petition for the writ of certiorari.
Although not framed as such by the parties on appeal, the issue presented for our determination is whether a writ of mandamus should issue to the trial court, directing that court to correct Walker’s conviction report to reflect the sentence that he had agreed to in the plea agreement and that was pronounced upon him by the trial court.[1]
The record indicates that Walker was charged under two separate indictments. The first indictment, case number CC-90-38-B, charged one count of possession of a controlled substance, while the second indictment, case number CC-90-58, charged one count of possession and one count of distribution of a controlled substance. According to the transcript in the record, the assistant district attorney indicated to the trial court:
“[T]he State has recommended a sentence of 10 years in each case, in each count. In case CC-90-58 and in the case CC-90-38-B, we’re asking for 10 years in each case to run concurrent.”
Consistent with the State’s recommendation, the trial court, in sentencing Walker, stated:
“In each case, each count, it’s the judgment of this Court that you be sentenced to the penitentiary for a term of 10 years. All to run concurrent. That would be three 10-year sentences all running concurrent.”
Furthermore, a notation by the trial court on the case action summary in CC-90-38-B indicates that Walker pleaded guilty to one count of possession and was sentenced to 10 years in the state penitentiary. A separate notation reveals that the “[sjentence is concurrent with CC-90-58.” The conviction report prepared by the circuit clerk reveals that in CC-90-38-B, Walker received a 10-year sentence to be served concurrently with the sentence in CC-90-58.
Likewise, a notation by the trial court on the case action summary in CC-90-58 shows that Walker pleaded guilty to one count of unlawful distribution, for which he received a 10-year sentence. A second notation on the case action summary shows that Walker also pleaded guilty to one count of unlawful possession, for which he received a 10-year sentence. A third notation on the case action summary reveals that the “[sjentence is concurrent with CC-90-38[-B].” However, the conviction report prepared by the circuit clerk in CC-90-58 indicates that Walker was sentenced to one 20-year term in the state penitentiary to run concurrently with the 10-year sentence imposed in CC-90-38-B.
Because the conviction report prepared by the circuit clerk does not accurately reflect the sentence pronounced from the bench by the trial court, we conclude that the writ of mandamus is due to issue to the trial court, directing it to correct Walker’s *205 conviction report so that it reflects the sentence that was originally imposed upon him,
WRIT GRANTED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.

. Because of the nature of the remedy sought in this appeal, we elect to treat this appeal as an original petition for the writ of mandamus, pursuant to Rule 21, A.R.App.P.